1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

LEONARD L. OCHOA,

12

            Plaintiff,

13

    v.

14

SUPERIOR COURT OF CALIFORNIA –
COUNTY OF SAN LUIS OBISPO, et al.,

15

16

            Defendants.

1:16-cv-00154-EPG (PC)

ORDER TRANSFERRING CASE TO THE
CENTRAL DISTRICT OF CALIFORNIA

17

18

      Plaintiff, a civil detainee proceeding *pro se*, has filed a civil rights action pursuant to 42

19

U.S.C. § 1983.

20

      The federal venue statute requires that a civil action, other than one based on diversity

21

jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

22

defendants reside in the same state, (2) a judicial district in which a substantial part of the events

23

or omissions giving rise to the claim occurred, or a substantial part of the property that is the

24

subject of the action is situated, or (3) a judicial district in which any defendant may be found, if

25

there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

26

      In this case, none of the defendants reside in this district.  The claim arose in San Luis

27

Obispo County, which is in the Central District of California.  Therefore, plaintiff's claim should

28

have been filed in the United States District Court for the Central District of California.  In the

1

1    interest of justice, a federal court may transfer a complaint filed in the wrong district to the

2    correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

3    1974).

4        Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United

5    States District Court for the Central District of California.

6

7    IT IS SO ORDERED.

8      Dated:   **February 5, 2016**        /s/ Eric P. Group

9                             UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28